UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

JAIRO CARRASCO and RUBEN CARRASCO,

               Plaintiffs,

      -against-

J.A. HEALTH TRENDS CORP. d/b/a PURE
GOURMET HEALTH EATERY and
ANTHONY GRAPPONE,

               Defendants.
--------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-2358 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

## I.    BACKGROUND

On April 11, 2014, Plaintiffs Jairo Carrasco and Ruben Carrasco filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; the New York Labor Law ("NYLL"), Article 6, §§ 190, et seq.; NYLL, Article 19, §§ 650, et seq.; and the New York Codes, Rules and Regulations ("NYCRR"), Title 12, § 142, alleging claims for unpaid overtime and unpaid split-shift and spread-of-hours pay. (Compl. (Dkt. 1) ¶¶ 33-39.) Defendants J.A. Health Trends Corp. d/b/a Pure Gourmet Health Eatery ("Pure Gourmet") and Anthony Grappone answered the Complaint on June 30, 2014. (Answer (Dkt. 6).)

By letter dated December 1, 2014, Plaintiffs informed the court that although "the parties have not reached a settlement, they have entered into a stipulation which fully resolves this action." (Pls.' Ltr. (Dkt. 17).) That same day, the parties filed a joint stipulation of dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41. (Proposed Stipulation and Order ("Stipulation") (Dkt. 19).) According to the Stipulation, "[t]he parties agree that Plaintiff[s] would be unable to prove that the enterprise by which Plaintiff[s were] employed earned at least $500,000 in any given year as required by 29 U.S.C. § 203(s)(1)(A)(ii), and would therefore be

1

unable to make out a prima [facie] case under the [FLSA]." (Id. at 1.) Consequently, the parties

have agreed that the FLSA claims should be dismissed, and that the supplemental state law

claims should be dismissed as well. (Id.) The Stipulation further provides, however, that this

dismissal "is completely without prejudice to the continued prosecution of the parallel state

claims under the [NYLL] and regulations promulgated thereunder, based upon the same

underlying facts as the FLSA claim." (Id.) The Stipulation indicates that as a result, Defendants

have consented to service in an anticipated subsequent state court proceeding. (Id.) Finally, the

Stipulation provides that this dismissal is without attorney's fees or costs to any party. (Id. at 2.)

## II.    DISCUSSION

### A.    Legal Standard

The FLSA places "strict limits on an employee's ability to waive claims . . . for fear that

employers would coerce employees into settlement and waiver." Le v. SITA Info. Networking

Computing USA, Inc., No. 07-CV-86 (JS) (MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13,

2008) (internal quotation marks omitted). Absent direct supervision by the Secretary of Labor,

FLSA claims may be voluntarily dismissed pursuant to an out-of-court settlement for less than

the full statutory damages amount only where the district court has had an opportunity to

scrutinize the proposed settlement for fairness and to approve of its content. See Archer v. TNT

USA, Inc., 12 F. Supp. 3d 373, 387 (E.D.N.Y. 2014); Socias v. Vornado Realty L.P., 297 F.R.D.

38, 40-41 (E.D.N.Y. 2014); Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335-37 (S.D.N.Y.

2012) ("[A]n employee may not waive or otherwise settle an FLSA claim for unpaid wages for

less than the full statutory damages unless the settlement is supervised by the Secretary of Labor

or made pursuant to a judicially supervised stipulated settlement. In the latter case, before a

district court enters judgment, it must scrutinize the settlement agreement to determine that the

2

settlement is fair and reasonable.") (citation omitted).  The purpose of judicial scrutiny is to examine "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (quoting Le, 2008 WL 724155, at *1) (internal quotation marks omitted); see also Socias, 297 F.R.D. at 41 ("Without judicial oversight . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the [FLSA].").

When reviewing an FLSA settlement that does not involve a certified class, the court typically examines the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation.  See Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG) (VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 21, 2014).  The court also considers whether the settlement is the result of arms' length negotiation conducted in good faith by counsel with significant experience litigating wage and hour suits.  See D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001).

**B.    Application**

The parties' Proposed Stipulation and Order seeks dismissal of Plaintiffs' FLSA claims with prejudice. (Stipulation at 1.)  As a result, the Stipulation provides that the entire action be dismissed as well, since this case would then consist only of pendant state law claims.  (Id. (noting that "no cause of action remains over which this court would have original

3

jurisdiction").) While Federal Rule of Civil Procedure 41(a)(1)(A)(ii) permits plaintiffs to voluntarily dismiss actions without a court order, this provision is "subject to . . . any applicable federal statute." Because the FLSA limits parties' ability to waive or settle a claim, the court rejects the parties' stipulated order of dismissal with prejudice. Such a stipulation would bar Plaintiffs from ever bringing the FLSA claims asserted in this action, and thus, effectively constitute a waiver of statutory rights under the FLSA outside of the two approved means of waiver or settlement: supervision by the Secretary of Labor or judicial approval. See Wolinksy, 900 F. Supp. 2d at 335.

Here, the parties have not provided the court with sufficient information to evaluate the fairness of Plaintiffs' waiver of federal claims. The Stipulation indicates that the parties agree that Plaintiffs are unable to prove—as required by 29 U.S.C. § 203(s)(1)(A)(ii)—that Pure Gourmet was an "enterprise engaged in commerce or in the production of goods for commerce," defined in the statue as an enterprise with at least $500,000 in gross annual sales in any given year. (Stipulation at 1.) But the parties have failed to submit any affirmations or other evidence (such as tax returns) to suggest that this conclusion is reasonable. Consequently, the court has no factual basis on which to assess Plaintiffs' potential risks in establishing liability.[1] Accord Le, 2008 WL 724155, at *1 ("Although Defendant states that Plaintiff is unsure whether he will meet

---

[1] Moreover, without more information, the court is skeptical of the parties' claim that because Plaintiffs cannot prove that Pure Gourmet was an "enterprise engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 203(s)(1)(A)(ii), Plaintiffs are unable to make out a prima facie case under the FLSA. (See Stipulation at 1.) The court notes that "[e]mployers are liable under the FLSA for minimum wages and overtime compensation 'if an employee is either (1) employed by an enterprise engaged in commerce or in the production of goods for commerce, or (2) engaged in commerce or in the production of goods for commerce.'" Berrezueta v. Royal Crown Pastry Shop, Inc., No. 12-CV-4380 (RML), 2014 WL 3734489, at *4 (E.D.N.Y. July 28, 2014) (emphasis added) (quoting Locke v. St. Augustine's Episcopal Church, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010) (citing 29 U.S.C. §§ 206, 207(a)(1))). In other words, "any individual employee 'engaged in commerce or in the production of goods for commerce' is covered by the FLSA, regardless of whether his or her employer is an enterprise." Id. (citing 29 U.S.C. §§ 206, 207(a)(1); Kaur v. Royal Arcadia Palace, Inc., 643 F. Supp. 2d 276, 292 (E.D.N.Y. 2007)). The parties have not made any assertion in the Stipulation, however, as to whether Plaintiffs may be able to prove that they are covered under the FLSA's so-called "individual coverage" provision. This is significant because Plaintiffs allege in the Complaint that in the course of their duties while employed by Pure Gourmet, "Plaintiffs regularly handled products which had been moved in commerce." (Compl. ¶ 13.)

4

his burden under the FLSA, that statement alone is not enough for the Court to find that there is actually a dispute over coverage.").

In addition, the parties have not provided the court with any basis for concluding that the this waiver has resulted from arms' length negotiations conducted in good faith by counsel with significant experience litigating wage and hour suits. See D'Amato, 236 F.3d at 85. Accordingly, the court is not in a position to determine whether the waiver is fair and reasonable. Therefore, the court will not so order the proposed stipulation of dismissal with prejudice. While it "it is not in the interest of the FLSA to require the parties to continue to pursue claims that they do not want to pursue," Mosquera, 2011 WL 282327, at *2, "[t]he purposes of [FLSA] require that it be applied even to those who would decline its protections." Socias, 297 F.R.D. at 41 (quoting Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 302 (1985)) (alterations and emphasis in original) (internal quotation marks omitted).

## III.   CONCLUSION

Although the court has concluded that it cannot sanction a stipulated dismissal with prejudice, without additional information, it cannot be in the interest of justice to require Plaintiffs to continue to pursue claims that they no longer wish to prosecute in federal court. As a result, the court would permit dismissal without prejudice, which would not waive any claims—aside from the fact that the statute of limitations may have the practical effect of barring claims from being asserted in the future—and would put Plaintiffs in the same position as if they had never brought the case in the first place, which was their right.

Therefore, the parties may proceed in one of four ways:

(1) The parties may stipulate to dismiss the action without prejudice;

(2) The parties may show cause why a stipulation of dismissal with prejudice should be permitted in light of the considerations set forth in this order, including by filing supporting affidavits and/or memoranda, see, e.g., Archer, 12 F. Supp. 3d at 387;

(3) If the parties intend to reach a judicially supervised settlement, they may file a settlement agreement on the public docket, see, e.g., Wolinsky, 900 F. Supp. 2d at 340, along with any affidavits necessary to show the fairness of the settlement, for the court's review; or

(4) The parties may file a letter indicating their intention to abandon this waiver and continue to litigate the action.

The parties must take one of these actions jointly within thirty (30) days of the date of this Order.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 4, 2014

NICHOLAS G. GARAUFIS
United States District Judge

6